```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**DIEGO M. WOOTEN-NEWHOUSE,**

                      **Plaintiff,**

         **v.**                                                  **CASE NO. 21-3168-SAC**

**SEDGWICK COUNTY ADULT DETENTION FACILITY, et al.,**

                      **Defendant**

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se, and his fee status is pending.

### Nature of the Complaint

Plaintiff commenced this action while held in the Sedgwick County Adult Detention Facility (SCADF), and all the relevant events occurred there. Plaintiff sues the SCAFD, the Sheriff of Sedgwick County, and three deputies employed at the SCADF. He claims that on June 17, 2018, he was escorted by two deputies to Pod 18 in the SCADF after a dispute with a deputy. Once they entered the cell, one of the deputies punched plaintiff and continued to assault him; the other deputy did not intervene to stop the assault. Plaintiff seeks declaratory and injunctive relief and damages.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant

who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review

for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

## Discussion

Plaintiff's complaint is subject to dismissal because is appears to be untimely. "The statute of limitations period for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose." *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011). In Kansas, such claims are governed by the two-year period in K.S.A. 60-513(a). *Brown v. Unified School Dist. 501, Topeka Pub. Schools*, 465 F.3d 1184, 1188 (10th Cir. 2006).

While state law governs the length of the limitation period and tolling principles, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis

of his action." *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006)(internal quotation marks omitted).

It appears from the face of the complaint that the action is subject to dismissal as barred by the governing two-year statute of limitations. Plaintiff filed the complaint on July 27, 2021, more than three years after the events occurred in June 2018. Accordingly, unless tolling applies, plaintiff's claim is not timely.

In certain limited circumstances, the limitation period may be subject to tolling. Because the court applies the Kansas statute of limitations in a § 1983 case, it also looks to Kansas law for questions of tolling. *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). The plaintiff has the burden of establishing a factual basis for tolling the limitations period. *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980).

Generally, a Kansas court cannot extend the limitation period except as provided by statute. *McClain v. Roberts*, 304 P.3d 364 (Table), 2013 WL 3970215 at *3 (Kan. App. Aug. 2, 2013), citing *Underhill v. Thompson*, 158 P.3d 987, 995 (Kan. App. 2007). Kansas law provides that a prisoner is presumed to be a person under a legal disability so that the limitation period would be tolled until the disability is removed (here, by the party's release). K.S.A. 60-515(a). However, the statute further provides that "if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability." K.S.A. 60-515(a). Therefore, to be entitled to tolling under K.S.A. 60-515(a), a prisoner must have been denied access to the courts such that he could not file within the limitation period, something plaintiff has not claimed. *McClain*, 2013 WL 3970215 at *2

(citing *Bulmer v. Bowling*, 4 P.3d 637, 639 (Kan. App. 2000)); *Parker v. Bruce*, 109 F. App'x 317, 319 (10th Cir. 2004)(unpublished opinion).

Kansas also recognizes the doctrine of equitable tolling but seems to apply it only where defendants did "something that amounted to an 'affirmative inducement to plaintiff to delay bringing the action.'" *Friends University v. W.R. Grace & Co.*, 608 P.2d 936, 941 (Kan. 1980)(quoting *Rex v. Warner*, 332 P.2d 572(Kan. 1958)). The record fails to support a claim that defendants affirmatively induced plaintiff into delaying filing this action.

In addition, at least one Kansas appellate court decision has applied the equitable tolling standard for habeas cases in the context of a § 1983 action. *See McClain*, 2013 WL 3970215 at *3. That standard provides for equitable tolling where a litigant has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing. *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013)(quoting *Holland v. Florida*, 560 U.S. 631 (2010)).

A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear that the action is barred by the statute of limitations. *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). Because plaintiff did not file this matter within the two-year limitation period and because he has not shown a factual basis for tolling the limitation period, the complaint is subject to dismissal as barred by the statute of limitations.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **August 26, 2021,** to show cause why this matter should not be dismissed for the reasons set out in this order. The failure to file a timely response may result in the dismissal of this matter without additional notice.

**IT IS SO ORDERED.**

DATED:  This 9th day of August, 2021, at Topeka, Kansas.

                                                S/ Sam A. Crow

                                                SAM A. CROW
                                                U.S. Senior District Judge