IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DIEGO M. WOOTEN-NEWHOUSE**

    **Plaintiff,**

    v.                                               **CASE NO. 21-3168-JWL**

**SEDGWICK COUNTY ADULT
DETENTION FACILITY, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Diego M. Wooten-Newhouse filed this pro se 42 U.S.C. § 1983 action in July 2021, and he based his claims on events that he alleged occurred in June 2018 while he was confined at the Sedgwick County Adult Detention Facility. (Doc. 1.) The case was assigned to United States Senior District Judge Sam A. Crow, who conducted the preliminary review of the complaint as required by 28 U.S.C. § 1915A(a). Because Judge Crow concluded that this case was subject to dismissal because it was not filed within the two-year statute of limitations, Judge Crow issued a notice and order to show cause (NOSC), granting Plaintiff to and including August 26, 2021, to show cause why the matter should not be dismissed. (Doc. 5.) The NOSC expressly cautioned Plaintiff that "[t]he failure to file a timely response may result in the dismissal of this matter without additional notice." *Id.* at 5. Plaintiff did not file a response to the NOSC, so on August 31, 2021, Judge Crow dismissed this case as time-barred and entered judgment. (Docs. 7 and 8.)

On July 8, 2024, the Court received a "Motion to Reopen" this case "due to new evidence that supports the pla[i]ntiff['s] original allegation in the complaint." (Doc. 9.) The motion does not describe the new evidence, nor does it acknowledge the fact that this case was dismissed because

1

it was not filed within the statute of limitations. Plaintiff provides no legal authority that supports his request to reopen this matter. Liberally construing the pro se motion to reopen as seeking relief under Federal Rule of Civil Procedure 60(b)(2), which allows for relief from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," would not help Plaintiff, as Rule 60(b)(2) motions must be brought within 1 year after the entry of the judgment. *See* Fed. R. Civ. P. 60(c)(1). Judge Crow entered judgment in this matter in August 2021, nearly 3 years ago, so any Rule 60(b)(2) motion would be denied as untimely. Thus, the motion to reopen will be denied. The Clerk is directed to re-close this matter.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion to reopen (Doc. 9) is **denied.** The clerk is directed to close this matter.

**IT IS SO ORDERED**.

**Dated July 10, 2024, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
