IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DIEGO M. WOOTEN-NEWHOUSE**

      **Plaintiff,**

      v.                                      CASE NO. 21-3168-JWL

**SEDGWICK COUNTY ADULT
DETENTION FACILITY, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

In July 2021, Plaintiff Diego M. Wooten-Newhouse filed this pro se 42 U.S.C. § 1983 action bringing claims based on events that occurred in June 2018 while he was confined at the Sedgwick County Adult Detention Facility. (Doc. 1.) The case was assigned to United States Senior District Judge Sam A. Crow, who conducted the preliminary review of the complaint as required by 28 U.S.C. § 1915A(a). Judge Crow concluded that this case was subject to dismissal because it was not filed within the two-year statute of limitations, but granted Plaintiff to and including August 26, 2021, to show cause why the matter should not be dismissed. (Doc. 5.) Despite being expressly cautioned that "[t]he failure to file a timely response may result in the dismissal of this matter without additional notice," *id.* at 5, Plaintiff did not file a response. Thus, on August 31, 2021, Judge Crow dismissed this case as time-barred. (Doc. 7.)

On July 8, 2024, the Court received a "Motion to Reopen" this case "due to new evidence that supports the pla[i]ntiff['s] original allegation in the complaint." (Doc. 9.) Because Judge Crow had retired, this case was reassigned to the undersigned, who directed the clerk to reopen it for the limited purpose of considering and ruling on the motion to reopen. (Doc. 12.) On July 10, 2024, the Court issued a memorandum and order denying the motion to reopen, reasoning:

1

> The motion does not describe the new evidence, nor does it acknowledge the fact that this case was dismissed because it was not filed within the statute of limitations. Plaintiff provides no legal authority to support his request to reopen this matter. Liberally construing the pro se motion to reopen as seeking relief under Federal Rule of Civil Procedure 60(b)(2), which allows for relief from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," would not help Plaintiff, as Rule 60(b)(2) motions must be brought within 1 year after the entry of the judgment. *See* Fed. R. Civ. P. 60(c)(1). Judge Crow entered judgment in this matter in August 2021, nearly 3 years ago, so any Rule 60(b)(2) motion would be denied as untimely. Thus, the motion to reopen will be denied. The Clerk is directed to re-close this matter.

(Doc. 13, p. 1-2.)

On January 12, 2026, the Court received from Plaintiff a second motion to reopen that asks the Court to reopen the case and grant summary judgment in his favor. (Doc. 14, p. 1.) He argues that his rights have been violated and that the statute of limitations should not prevent him from seeking relief in this case because violations of the Americans with Disabilities Act "prohibited [him] from attending most court proceedings." *Id.* Plaintiff also refers to evidence of stalking, asks for a change of venue, seeks the dismissal of criminal proceedings against him, and asks that the Court forward mail to Plaintiff "so that he is kept up to date on t[h]is civil matter." *Id.* at 1-2.

This case was dismissed as barred by the state of limitations more than 4 years ago so, as explained in the order on Plaintiff's first motion to reopen, the time for seeking relief from the dismissal under Federal Rule of Civil Procedure 60(b)(2) has long since passed. Moreover, as with Plaintiff's first motion to reopen, the motion currently before this Court does not identify any legal authority that supports or authorizes reopening this case. Even liberally construing the pro se motion, Plaintiff has not presented any compelling reason to reopen this case. Thus, the motion to reopen will be denied and the clerk will be directed to re-close this matter. Plaintiff is further cautioned that any future motions to reopen this case may be summarily denied.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion to reopen (Doc. 14) is **denied.** The clerk is directed to close this matter.

**IT IS SO ORDERED**.

**Dated January 14, 2026, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
